Mallory's Administrator *v.* Craige.

MALLORY'S ADMINISTRATOR *vs.* BALFOUR CRAIGE and the ADMINISTRATOR OF BALFOUR CRAIGE, deceased.

B. C., being indebted to the complainant, died without personal estate, but seized of a lot of land in the city of Newark, which, by his will, he devised to his infant son. After his death, the lot was taken by the city of Newark for a street, and its value was paid into the hands of the city treasurer, according to a provision of the city charter.

On a bill filed by the complainant to obtain satisfaction of his debt out of the money in the hands of the treasurer, it was *held*, that the proceeds of the land in the hands of the treasurer are assets for the payment of the debts of the deceased, and must be applied accordingly. The treasurer was decreed to pay the funds into the hands of the administrator of B. C., deceased.

Although it seems doubtful whether it would not be the better practice to send the parties to the Orphans Court for a final settlement, yet the general practice appears to be otherwise. Ordinarily, when the parties are before the court, the final account is settled in Chancery.

*T. Runyon,* for complainant.

THE CHANCELLOR. The debt due to the complainant's intestate from the estate of Balfour Craige, deceased, is satisfactorily established by the evidence. Craige died leaving no personal estate for the payment of his debts, but seized of a lot in the city of Newark. After his death, the lot was taken by the city of Newark for a public street, and the appraised value of the land, under a provision of the city charter, paid into the hands of the treasurer of the city,

where it still remains. The land was devised by Craige to his infant son, in whom the title was vested at the time the land was taken and appropriated to public use by the city. The devisee took the title charged with the debts of the testator. The proceeds of the sale, in the hands of the treasurer, are assets for the payment of his debts, and must be applied accordingly. The treasurer will be decreed to pay the funds into the hands of the administrator of Balfour Craige, deceased.

The bill prays that the assets may be applied, under the direction of this court, to the payment of the debts of the complainant and such other of the creditors of said Balfour Craige, deceased, as may apply to the court for the purpose of having their debts against the estate allowed. My doubt has been whether it would not be the better practice to send the parties to the Orphans Court for a final settlement. But though this may be, and sometimes is done, the general practice appears to be otherwise. Ordinarily, where the parties are before the court, the final account is settled in Chancery. *Thomson* v. *Brown,* 4 *Johns. C. R.* 630, 643; 1 *Story's Eq. Jur.,* § 543 *a,* § 546 *and note* 2; *Ram. on Assets, chap.* 24, § 2.

In this case the fund is very small, and it does not appear that there are any other creditors except the complainant. The testator has been dead many years, and no attempt seems to have been hitherto made to have this fund applied to the satisfaction of the debts. The ends of justice will probably be better and more speedily attained by having the final account taken in this court.

There must be a reference to a master to state the account of the debts and credits of the estate, giving such reasonable notice as he may deem proper for the creditors to come in and prove their debts.